| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street, Suite 230, Denver, Colorado 80202 | DATE FILED: February 18, 2022 5:50 PM<br>FILING ID: FE438388100BE<br>CASE NUMBER: 2022CV30474 |
| Plaintiffs:   **RYAN SCHEELER**, an individual; **AGR GROUP LLC**, a Nebraska limited liability company.<br><br>v.<br><br>Defendants:   **CANOPY HOLDINGS, LLC**, d/b/a **CANOPY HOLDINGS OF COLORADO, LLC**, a Virginia limited liability company doing business in Colorado | ▲ COURT USE ONLY ▲<br>_____<br><br>Case No:<br><br>Division: |
| *Attorneys for Plaintiffs:*<br>Joanne P. Underhill, #16690<br>Colin E. Moriarty, #36865<br>**UNDERHILL LAW, P.C.**<br>7350 East Progress Place, Suite 110<br>Greenwood Village, Colorado 80111-1906<br>Telephone: (303) 721-7112 | |
| **COMPLAINT** | |

PLAINTIFFS, Ryan Scheeler, by and through its counsel, Underhill Law, P.C., submits its Complaint as follows:

## STATEMENT OF THE CASE

1. Mr. Scheeler entered into an Asset Purchase Agreement and related documents with Canopy Holdings, LLC under which Canopy Holdings, LLC and its affiliates agreed to pay him and AGR Group, LLC certain amounts. These included an "Earnout" payment that was to come due around April 1, 2022, and vesting of additional shares that was to occur around February 18, 2022. To avoid making these payments, Canopy Holdings made false claims of impropriety against Mr. Scheeler and AGR Group, LLC and tried to pressure him into giving up his rights. When this failed, they terminated him February 17, 2022, without stated cause. The real reason was to try and avoid making the agreed upon payments.

## PARTIES, VENUE, AND JURISDICTION

2. Plaintiff Ryan Scheeler is a resident of the state of Colorado with an address of 1300 Carr Street, Lakewood, Colorado 80214.

3. Plaintiff AGR Group, LLC, is a Nebraska limited liability company.

4. Defendant Canopy Holdings, LLC is a Virginia Corporation with its principal place of business located at 1777 South Bellaire Street, Unit 206, Denver, Colorado 80222 and a registered agent of Matthew Hirschibiel located at 820 South Harrison Street, Denver, Colorado 80209.

5. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1) because the Defendant either resides in this County or outside of the state of Colorado and because Defendant may be served in this County.

6. Upon information and belief, Defendant is not incompetent or in the military service of the United States. Defendant is a limited liability company.

## GENERAL ALLEGATIONS

7. Mr. Scheeler is the majority managing member of AGR Group, LLC.

8. Mr. Scheeler and AGR Group, LLC, the Defendants, and others entered into an Asset Purchase Agreement around January of 2021.

9. Generally, Canopy Holdings was purchasing assets from AGR Group, LLC, a Nebraska corporation owned by Mr. Scheeler.

10. Mr. Scheeler came to work for Canopy Holdings.

11. The parties may have entered into other subsidiary documents related to this transaction, including a promissory note, a Restrictive Covenant and Invention Assignment Agreement, a Class A Restriction Agreement, and other documents.

12. Among other obligations, these documents required Canopy Holdings or others to pay AGR Group, LLC, an "earnout" amount based on certain financials related to Canopy Holdings. This earnout payment was to be made around April 1, 2022.

13. Among other obligations, these documents also vested membership interests of Canopy Holdings in Mr. Scheeler over time. Another large chunk of Canopy Holdings interest was about to vest in Mr. Scheeler around February 18, 2022.

14. Upon information and belief, the Board of Canopy Holdings desired to avoid making payments to Mr. Scheeler and his company. This is based on the fact that they made false allegations against Mr. Scheeler of impropriety related to the original sale and tried to leverage those to pressure Mr. Scheeler to enter into agreements deferring or eliminating his rights and benefits.

15. Mr. Scheeler has repeatedly requested information related to the payments needed.

16. When Mr. Scheeler refused to cooperate, the board of Canopy Holdings conducted a meeting on February 17, 2022, at which they terminated Mr. Scheeler. They did not give a reason.

17. This meeting was followed by a termination letter advising Mr. Scheeler that he was fired "at-will" and that, in Canopy Holding's estimation, this allowed Canopy Holdings to refuse to give Mr. Scheeler his vesting membership interests.

18. Upon information and belief, based on the conduct of the board to date and Mr. Scheeler's communication with Canopy Holdings, Canopy Holdings also plans to falsely claim that the earnout amount owing to Mr. Scheeler or AGR Group, LLC is $0.00 and refuse to make due payment.

19. Some of the affiliated documents related to the purchase and Mr. Scheeler's employment discuss non-compete agreements or similar covenants which may be unenforceable or illegal under Colorado law and which define the geographic area in which Mr. Scheeler is barred from working as related to where Canopy Holdings operates.

20. Some of the affiliated documents related to the purchase and Mr. Scheeler's employment discuss a right by Canopy Holdings to purchase assets or shares related to other companies related to Mr. Scheeler, but these potential rights were never executed or paid for by Canopy Holdings.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment – By Mr. Scheeler and AGR Group, LLC

21. Plaintiffs incorporate all other averments of this Complaint as if set forth here.

22. Plaintiffs are interested under a series of contracts and agreements.

23. These contracts or agreements discuss payments, membership interest vesting, and other amounts and obligations owed to Mr. Scheeler, potential non-competes, rights to purchase items related to other companies.

24. These contracts or agreements may also include restrictions on Mr. Scheeler's termination without cause or consequences of the same.

25. There is a currently justiciable issue and existing legal controversy as to the parties' rights and obligations.

26. This Court can fully and finally resolve uncertainty as to all parties with a substantial interest.

27. A contract may be construed before or after there is breach thereof.

28. This Court has authority to declare the rights and obligations of the parties. C.R.S. § 13-51-101 and C.R.C.P. 57.

WHEREFORE, Plaintiffs therefore request the relief specified in this Complaint.

## SECOND CLAIM FOR RELIEF
### Wrongful Termination (C.R.S. § 24-34-402.5) – By Mr. Scheeler

29. Plaintiffs incorporate all other averments of this Complaint as if set forth here.

30. Canopy Holdings terminated Mr. Scheeler due to Mr. Scheeler engaging in a lawful activity off the premises of the employer during nonworking hours.

31. Mr. Scheeler's conduct did not relate to a bona fide occupational requirement and was not reasonably related to his employment activities or responsibilities.

32. Mr. Scheeler's conduct did not create a conflict of interest with any of his responsibilities to Canopy Holdings.

33. Canopy Holdings demanded that Mr. Scheeler give up his legal rights and when he did not, retaliated by terminating him.

34. Canopy Holdings sought to shirk its obligations to make lawful, legally binding payments owed to Mr. Scheeler using the termination as an excuse and as a method of pressure.

WHEREFORE, Plaintiffs therefore request the relief specified in this Complaint.

### THIRD CLAIM FOR RELIEF
### Wrongful Termination (Public Policy) – By Mr. Scheeler

35. Plaintiffs incorporate all other averments of this Complaint as if set forth here.

36. Canopy Holdings owed a legal obligation to Mr. Scheeler to make certain payments and convey certain benefits.

37. Canopy Holdings desired to avoid satisfying its obligations.

38. Canopy Holdings demanded that Mr. Scheeler give up his legal rights.

39. Canopy Holding's demands were wrongful and constituted breach of contract and duress seeking to force Mr. Scheeler into an unlawful act, namely, giving up his lawful rights under the contracts.

40. Mr. Scheeler brought these wrongful demands to the attention of the board of Canopy Holdings.

41. When Mr. Scheeler refused to engage in the activity demanded, Canopy Holdings terminated him without cause and without giving him any reason when requested.

42. It is against public policy to allow employers to retaliate against employees who refuse to relinquish their already earned benefits, rights, and payments in exchange for continued employment.

43. Canopy Holding's actions were against public policy and tend to interfere with the proper administration of public affairs and justice.

5

WHEREFORE, Plaintiffs therefore request the relief specified in this Complaint.

## FOURTH CLAIM FOR RELIEF
### Accounting – By Mr. Scheeler and AGR Group, LLC

44. Plaintiffs incorporate all other averments of this Complaint as if set forth here.

45. The amounts owing to Mr. Scheeler or AGR Group, LLC from Canopy Holdings under the earnout, the stock vesting, and otherwise, may be based on calculations related to the financial condition of Canopy Holdings.

46. Upon information and belief, Canopy Holdings plans to manipulate these calculations to minimize or eliminate the amounts paid or to be paid. For example, Canopy Holdings has previously used switching from a cash based accounting to an accrual based accounting to try and paint a misleading picture of the financials of companies related to the parties' transactions.

47. Mr. Scheeler is a member of Canopy Holdings.

48. The board of Canopy Holdings and Canopy Holdings have a duty to account to Mr. Scheeler and hold as trustee for Mr. Scheeler any property, profit, or benefit derived from the conduct of the business. *See* C.R.S. § 7-80-404.

WHEREFORE, Plaintiffs therefore request the relief specified in this Complaint.

## FIFTH CLAIM FOR RELIEF
### Breach of Contract – By Mr. Scheeler and AGR Group, LLC

49. Plaintiffs incorporate all other averments of this Complaint as if set forth here.

50. The parties entered into a contract.

51. Plaintiff substantially performed.

52. Defendant did not perform, materially breached, has repudiated the contract, announced an intention to breach, or has committed anticipatory breach.

53. The contract contained a duty of good faith and fair dealing.

54. Defendant's actions did not match the parties' reasonable expectations and otherwise violated the duty of good faith and fair dealing.

55. As a result of these breaches, Plaintiff has been damaged.

WHEREFORE, Plaintiffs therefore request the relief specified in this Complaint.

## PRAYER FOR RELIEF

Plaintiffs seek the following relief:

DECLARATORY JUDGMENT concerning the amounts owed to Mr. Scheeler and to AGR Group, LLC by Canopy Holdings; invalidating any non-compete or related agreement binding Plaintiffs; that Plaintiffs have no further obligations to Canopy Holdings; and that no part of AGR, Inc., including its e-mail servers, electronic information, customer lists, and other information is owned by Canopy Holdings;

DAMAGES to be established at trial but to include front pay, back pay, consequential damages, unpaid wages, attorney fees, other amounts under C.R.S. § 24-34-402.5 and other portions of the Colorado Anti-Discrimination Act,

An ORDER that the parties shall engage a forensic accountant at the expense of Canopy Holdings, LLC, to produce an accurate accounting of all aspects of the business related to the agreements between the parties and amounts owing to Mr. Scheeler.

## RIGHT TO AMEND

Plaintiffs respectfully reserves the right to amend this Complaint, the claims and damages stated pursuant to C.R.C.P. 15, as additional or supplemental facts and information become known pursuant to C.R.C.P. 26(a)(1) or for any other reason. This includes, without limitation, the right to bring claims for breach of fiduciary duty, violation of employment law and the law related to benefits and compensation, and claims for dissolution or a forced buy out of Canopy Holdings, LLC, among others.

DATED: February 18, 2022:

                                                  **UNDERHILL LAW, P.C.**

                                                  */s/Colin Moriarty*

                                                  Joanne P. Underhill, #16690
                                                  Colin E. Moriarty, #36865
                                                  **COUNSEL FOR PLAINTIFF**

Plaintiff's Address:
1300 Carr Street
Lakewood, Colorado 80214